00819

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAKOTA L. ST. PIERRE,<br><br>           Plaintiff,<br><br>vs.<br><br>ROBERT F. KENNEDY, JR., Secretary of the United States Department of Health and Human Services, in his official capacity, ROSELYN TSO, Director, Indian Health Service, in her official capacity and P. BENJAMIN SMITH, Acting Director and Deputy Director, Indian Health Service, in his official capacity,<br><br>           Defendants. | CASE NO. CIV-25-425-GLJ |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW, Dakota L. St. Pierre, by and through said party's attorney John C. Young of John C. Young, Attorney at Law, PLLC and for said party's action against the above-named Defendants alleges and states as follows:

INTRODUCTION

The Plaintiff, Dakota L. Pierre, is a resident of Adair County, Oklahoma, and a former recipient of the Indian Health Professions Scholarship under the Indian Health Care Improvement Act. This action is brought against the Defendants to resolve an actual controversy regarding the Plaintiff's financial obligation arising from his exit from the scholarship program. Specifically, the Plaintiff seeks a judicial declaration that his refusal to accept further scholarship payments while still in training limits his liability to the actual funds received, not the treble damages penalty sought by the Defendants, as mandated by the specific provision of the federal statute he invoked: 25 U.S.C. § 1613a(b)(5)(A)(iv). This court has the power, under 28 U.S.C. § 2201, to resolve this immediate legal

dispute involving a federal statute. The Plaintiff invokes the jurisdiction of this court to declare that his financial liability is limited to the actual amount paid, not three times that amount.

## THE PARTIES

1. The Plaintiff, Dakota L. Pierre, is an individual residing in Adair County, Oklahoma. The Plaintiff seeks a declaration of his rights and legal relations under the Indian Health Service Scholarship Program.

2. The Defendant, Robert F. Kennedy, Jr., is the Secretary of Health and Human Services. Defendant Kennedy is sued in his official capacity.

3. The Defendant, Roselyn Tso, is the Director of the Indian Health Service. Defendant Tso is sued in her official capacity.

4. The Defendant, P. Benjamin Smith, is the Acting Director and Deputy Director of the Indian Health Service. Defendant Smith is sued in his official capacity.

## JURISDICTION AND VENUE

5. This court has the jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as a real and substantial dispute exists between the Plaintiff and the Defendants regarding the interpretation and application of 25 U.S.C. § 1613a, the Indian Health Care Improvement Act.

6. This actual controversy arises under the laws of the United States (specifically 25 U.S.C. § 1613a and the breach of a federal contract) which provides the court with subject matter jurisdiction under 28 U.S.C. § 1331.

7. The Defendants' sovereign immunity from suit for non-monetary relief is waived pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 702.

8. Venue is proper in the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1391(e) because the Plaintiff resides in Adair County, Oklahoma, which lies within this judicial district, and this is a civil action in which a defendant is an officer or agency of the United States.

FACTS

9. In the fall of academic year 2021, the Plaintiff applied for and received the Indian Health Services Professional Scholarship, while a student at the University of Oklahoma College of Medicine.. This scholarship is commonly referred to as the Indian Health Service Scholarship.

10. The Indian Health Scholarship is a program established under the Indian Health Care Improvement Act, codified at 25 U.S.C. § 1613a. Scholarships are awarded to Indians who are enrolled full or part-time in accredited schools and pursuing courses of study in the health professions. The scholarship's primary goal is to provide health professionals to Indians, Indian tribes, tribal organizations, and urban Indian organizations.

11. On or about February 3rd, 2025, the Plaintiff sent an email to Jennifer Shade, IHS Scholarship Analyst, and inquired about the next steps after deciding to apply for a Plastic and Reconstructive Surgery residency, a specialty not covered by the IHS scholarship.

12. On or about February 7th, 2025, Mrs. Shade replied to the Plaintiff and advised that pursuing an unapproved residency (Plastic and Reconstructive Surgery) would be considered a breach of contract and may result in being placed in default (which triggers the treble damages formula).

13. On or about February 14th, 2025, the Plaintiff again contacted Mrs. Shade to request that all further stipend or financial assistance payments be stopped to avoid going into default.

14. On or about February 27th, 2025, the Plaintiff again received a stipend payment from the IHS.

15. On or about March 6th, 2025, the Plaintiff notified Mrs. Shade about the payment and asked how to return it.

16. On or about April 15th, 2025, IHS Director of the Division of Recruitment and Retention denied the Plaintiff's initial request for a waiver of the service obligation.

17. On or about May 9th, 2025, the Plaintiff filed a subsequent appeal, requesting a waiver of the financial obligation (the three times the total amount of scholarship funds awarded, plus interest) and a deferment of repayment.

18. On or about May 19th, 2025, Daniel Frye, Director of the Office of Human Resources, denied the appeal, upholding the initial waiver determination and citing the treble damages liability under 25 U.S.C. § 1613(a)(b)(5)(A) which the Defendants erroneously applied as grounds for the treble damages penalty under 25 U.S.C. § 1613a(b)(5)(B).

19. On or about July 29th, 2025, the Defendant, P. Benjamin Smith, Acting Director of IHS, issued the final administrative action, agreeing with and upholding the denial of the appeal.

20. On or about August 7th, 2025, the Plaintiff sent a letter requesting an explanation for why 25 U.S.C § 1613a(b)(5)(A)(iv) (the non-treble damages section for refusing payment) does not apply to him.

21. On or about September 2nd, 2025, Theodore Garrett, Ph.D., Branch Chief of the IHS Scholarship Program responded, stating that the provisions relating to non-treble damages apply to non-graduates only.

22. As a result of this determination, the IHS has demanded repayment from Plaintiff in the amount of $650,000.00, representing the statutory penalty of three times the scholarship award plus interest calculated under the treble damages formula, and is payable within one year. This calculated amount, payable as a lump sum, would result in extreme financial hardship for the Plaintiff, as detailed in his administrative appeal.

Count I: Request for Preliminary and Permanent Injunction (5 U.S.C. § 702)

23. Plaintiff hereby incorporates all allegations set forth in the preceding paragraphs as if fully set forth herein.

24. Plaintiff is entitled to judicial review of the Defendants' final administrative decision denying his waiver and demanding repayment, pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 702.

25. Absent an injunction, Plaintiff will suffer irreparable harm because the Defendants are entitled to proceed immediately with collection efforts for the disputed $650,000.00, which is payable in

4

one year, resulting in extreme financial hardship that cannot be adequately remedied by a final judgment.

26. Plaintiff has demonstrated a likelihood of success on the merits by showing a strong probability that his actions—refusing further scholarship payments—mandate the application of the simple repayment penalty under 25 U.S.C.§ 1613a(b)(5)(A)(iv), not the treble damages penalty under 25 U.S.C. § 1613a(b)(5)(B).

27. The balance of hardships tips sharply in favor of the Plaintiff, as he will face devastating and potentially career-altering financial distress if forced to pay or default on the contested $650,000.00 debt during the pendency of this litigation, while the Defendants face minimal harm from a temporary delay in collecting funds the legality of which is currently being challenged.

28. Granting a temporary injunction serves the public interest by ensuring that a federal agency, the Indian Health Service (IHS), adheres to the clear intent and explicit provisions of federal statute (25 U.S.C. § 1613a) and acts consistently with its regulations concerning scholarship obligations and penalties.

29. Pursuant to the inherent equitable powers of the Court, and consistent with the procedural requirements of Federal Rule of Civil Procedure 65(a), the Court should enjoin the Defendants from all collection activity related to this debt pending a final determination of the declaratory judgment claim.

### Count II: Declaration of Legal Rights (28 U.S.C. § 2201)

30. Plaintiff hereby incorporates all prior allegations as if fully set forth herein.

31. An actual controversy exists between the Plaintiff and the Defendants regarding the interpretation and application of the Indian Health Care Improvement Act, codified at 25 U.S.C. § 1613a, which governs the Plaintiff's obligations as a recipient of the Indian Health Scholarship.

5

32. The specific controversy is whether the Plaintiff's breach of contract is governed by 25 U.S.C. § 1613a(b)(5)(A) (simple repayment of funds received) or 25 U.S.C. § 1613a(b)(5)(B) (treble damages).

33. Plaintiff asserts that he is liable only for the actual amount of funds paid to him or on his behalf, pursuant to 25 U.S.C. § 1613a(b)(5)(A)(iv), because he specifically sought to terminate the agreement and instructed the educational institution and the Indian Health Service not to accept further scholarship payments while still in training.

34. The Defendants, by issuing a final administrative decision on July 29, 2025 , and demanding the treble damages amount of $650,000.00, have determined that Plaintiff's breach falls under the service obligation failure in § 1613a(b)(5)(B), thereby subjecting him to a penalty three times the amount of the scholarship, plus interest.

35. Plaintiff seeks a judicial declaration that his liability is governed solely by 25 U.S.C. § 1613a(b)(5)(A) and that the Defendants' claim for $650,000.00 under the treble damages provision is unlawful, invalid, and arbitrary and capricious as applied to him.

WHEREFORE, premises considered, Dakota L. St. Pierre prays for a:

A.   Declaratory Judgment declaring that Plaintiff's financial liability is limited to the actual amount of money paid to him or on his behalf under the scholarship contract, pursuant to 25 U.S.C. § 1613a(b)(5)(A)(iv).

B.   Declaratory Judgment declaring that the Defendants' imposition of the $650,000.00 penalty calculated under the treble damages provision of 25 U.S.C. § 1613a(b)(5)(B) is void as applied to the Plaintiff.

C.   Preliminary and Permanent Injunction prohibiting the Defendants and their agents from initiating or continuing any debt collection action, including reporting to credit agencies, regarding the IHS Scholarship until a final judgment on the Declaration of Rights is issued.

D. For such other and further relief as the Court deems just and equitable., reasonable attorney's fees, costs and all other relief the Court believes appropriate.

Respectfully submitted,

John C. Young, Attorney at Law, PLLC

By: *John C. Young*
John C. Young, OBA #31889

John C. Young, Attorney at Law, PLLC
111 North College Avenue
Tahlequah, Oklahoma 74464
Telephone: (918) 414-5177
john@jchapmanyoung.com
Attorney for Dakota L. St. Pierre

Type text here

7